UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


JOHNNY DELANEY                                           PLAINTIFF


VS.                               CIVIL ACTION NO: 3:12CV229TSL-MTP


MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY,
WAYNE "RUSTY" MILEY, FORMER
COMMISSIONER STEPHEN B. SIMPSON,
CREEDE MANSELL, BILLY MCCLURG,
AND FICTITIOUS DEFENDANTS X, Y AND Z                     DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant
Mississippi Department of Public Safety to dismiss on grounds of
Eleventh Amendment immunity and state law tort claims immunity,
and on the separate motion of individual defendants Wayne "Rusty"
Miley, Stephen B. Simpson (Former Commissioner of the Mississippi
Department of Public Safety), Creede Mansell and Billy McClurg to
dismiss on grounds of qualified, absolute and state tort claims
immunity.  Plaintiff Johnny Delaney has responded to both motions
and the court, having considered the memoranda of authorities,
together with attachments, submitted by the parties, concludes
that defendants' motions should be granted.

Plaintiff, a trooper with the Mississippi Highway Safety
Patrol, filed the present action on March 9, 2012, asserting
claims under federal and state law relating to criminal charges

brought against him in 2008 for extortion, which charges were
ultimately dismissed in March 2011.

According to plaintiff's complaint, on June 13, 2008, Delaney
filed a lawsuit against the Mississippi Department of Public
Safety (MDPS), Commissioner Simpson, Miley and one Michael
Berthay, asserting claims for race and age discrimination and
retaliation, based on allegations he was passed over for numerous
promotions on account of his race and/or age and was subjected to
a hostile work environment after complaining of discrimination
both internally and to the Equal Employment Opportunity
Commission.  See Delaney v. Miss. Dept. of Public Safety, et al.,
Civil Action No. 3:08CV369HTW-LRA.  That action was ultimately
dismissed in July 2011, pursuant to Federal Rule of Civil
Procedure 4(m) for failure to timely serve process and
alternatively pursuant to Rule 12(b)(6) for failure to state a
claim upon which relief could be granted.  That action was pending
during all of the events which form the basis of Delaney's claims
in this cause.

Plaintiff alleges that on September 30, 2008, defendant MDPS
and Walter Davis, Chief Investigator for Mississippi Bureau of
Investigation (MBI), along with another MBI agent, interviewed an
individual named Jessie Jordan of Lexington, Mississippi, who
claimed that Delaney "had engaged in some wrongdoing as to a
speeding ticket that Delaney had given him."  Delaney alleges that

he cooperated in the ensuing extortion investigation, and that he denied any wrongdoing and furnished the names of persons who could attest to Jordan's actions in trying to get the speeding charge dropped by approaching the justice court clerk and justice court judge. He alleges that despite this information, and even though they knew there was no probable cause to believe he had committed extortion, agents of the MDPS, including the MBI agents involved in the investigation, presented "distorted evidence" to the Holmes County grand jury, which on December 1, 2008, returned an indictment against Delaney for one count of extortion pursuant to Mississippi Code Annotated § 97-11-33. The indictment alleged that Delaney, acting under color of office, promised Jessie Jordan that he would dismiss Jordan's speeding ticket in exchange for cash.

On December 2, Delaney was suspended without pay by former MDPS Commissioner Simpson.[1] On December 18, 2008, an administrative hearing was held in reference to Delaney's suspension. Although he appeared at the hearing and asserted his innocence of the charge against him, the suspension without pay was upheld at the conclusion of the hearing.

---

[1] The Mississippi State Employee Handbook provides that "where the employee has been charged with a felony, the appointing authority or designated representative may suspend an employee without pay." Miss. Admin. Code § 27-110:9.3.

Later that day, Delaney was arrested on a capias warrant issued by the Holmes County Circuit Clerk.  He posted bond and was released the following day, and on December 22, 2008, Delaney waived formal arraignment and entered a plea of not guilty.

Thereafter, on September 16, 2009, Delaney moved to dismiss the indictment, arguing that the State had failed to afford him a probable cause hearing prior to his indictment and arrest, which he contended was mandated by Mississippi Code Annotated § 99-3-28. The Holmes County Circuit Court Judge granted the motion to dismiss, finding "that the probable cause hearing mandated by Section 99-3-28 could not be bypassed by means of an indictment ... [and] that the proper remedy was dismissal with prejudice," since the Plaintiff "would be subjected to double jeopardy" if he were to be indicted again.[2]  After the indictment was dismissed, Delaney was reinstated with pay.

---

[2]      Section 99-3-28(1)(a) states, in pertinent part, (1)(a) Except as provided in subsection (2) of this section, before an arrest warrant shall be issued against ... a sworn law enforcement officer within this state ... for a criminal act, whether misdemeanor or felony, which is alleged to have occurred while the ... law enforcement officer was in the performance of official duties, a probable cause hearing shall be held before a circuit court judge.  The purpose of the hearing shall be to determine if adequate probable cause exists for the issuance of a warrant. ....
Miss. Code Ann. § 99-3-28.

The State appealed the trial court's ruling and on January 13, 2011, the Mississippi Supreme Court reversed the dismissal and reinstated the indictment, holding that Delaney was not entitled to a probable cause hearing under the statute because "[o]nce [he] had been indicted, the need for a hearing pursuant to Mississippi Code Section 99-3-28 was obviated." State v. Delaney, 52 So. 3d 348, 351 (Miss. 2011). In short, the court held that "the procedural requirements of Section 99-3-28 are inapplicable once an indictment has been returned by a Mississippi grand jury." Id. On January 14, 2011, Delaney was again suspended without pay based on the Supreme Court's decision to reinstate the indictment. Three months later, however, on March 17, 2011, the indictment was dismissed with prejudice, for reasons that have not been disclosed to the court or, it seems, to the parties.

Plaintiff filed the present action on March 9, 2012. In his complaint, plaintiff alleges claims pursuant to 42 U.S.C. § 1983 for the following alleged violations of his constitutional and federal rights: (1) Fourth Amendment seizure; (2) First Amendment retaliation; (3) Fifth and Fourteenth Amendment substantive and procedural due process; (4) discrimination and retaliation under 42 U.S.C. § 1981. Additionally, plaintiff alleges civil conspiracy claims under 42 U.S.C. §§ 1983, 1985 and 1986. Further, plaintiff purports to set forth state law claims for false arrest, malicious prosecution, abuse of process, civil

conspiracy and intentional infliction of emotional distress. Defendants seek dismissal of all these claims.

### Mississippi Department of Public Safety

MDPS contends it is entitled to Eleventh Amendment immunity with respect to all of plaintiff's federal civil rights claims and that plaintiff fails to state cognizable claims against it under 42 U.S.C. §§ 1981, 1983, 1985 and 1986. It further contends plaintiff's state law claims are barred by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 *et seq.*, and/or by the statute of limitations.

The Eleventh Amendment bars "an individual from suing a state in federal court unless the State consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir. 2002) (citations omitted). This immunity "extends to any state agency or entity deemed an alter ego or arm of the state." Id. (internal quotation marks omitted). MDPS is an agency of the State and entitled to Eleventh Amendment immunity absent waiver or abrogation. See Wamble v. County of Jones, Civil Action No. 2:09cv103KS-MTP, 2012 WL 2088820, 5 (S.D. Miss. June 8, 2012) ("It has been held numerous times that ... MDPS [is an] arm[] of the state." (citing Brown v. Simpson, 2009 WL 2449898, at *1 n.1 (N.D. Miss. Aug. 7, 2009)).

While Eleventh Amendment immunity is not absolute, "[t]he Supreme Court has recognized 'only two circumstances in which an individual may sue a State. First, Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment.... Second, a State may waive its sovereign immunity by consenting to suit.'" Le Clair v. Texas Bd. Criminal Justice, 475 Fed. Appx. 943, 944, 2012 WL 3176313, 1 (5th Cir. 2012) (quoting College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999)). "In this second situation, waiver is present if the state voluntarily invokes federal-court jurisdiction or if it makes a 'clear declaration' that it intends to submit to federal jurisdiction." Union Pacific R. Co. v. Louisiana Public Serv. Com'n, 662 F.3d 336, 340 (5th Cir. 2011) (citing Coll. Sav. Bank, 527 U.S. at 675-76, 119 S. Ct. 2219).

There has been no Congressional abrogation of state sovereign immunity as to claims under § 1981, 1983, 1985 or 1986. See Hines v. Mississippi Dept. of Corrections, 239 F.3d 366, No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (unpublished table decision) ("Congress has not chosen to abrogate the states' immunity for suits under §§ 1981, 1983, and 1985(3).") (citations omitted); Bryant v. Military Dept. of State of Miss. ex rel. Miss. Air Nat. Guard, 381 F. Supp. 2d 586, 591 (S.D. Miss. 2005) ("There has been no Congressional abrogation of state sovereign immunity

7

as to claims under § 1983, 1985 or 198[6].") (citations omitted).[3]

Further, the State of Mississippi has not waived its sovereign

immunity from liability in suits arising under §§ 1983, 1985 or

1986.  On the contrary, the Mississippi Tort Claims Act (MTCA),

the State's only explicit waiver of sovereign immunity, expressly

preserves the State's Eleventh Amendment immunity.  The MTCA,

which recites that "the 'state' and its 'political subdivisions'

... are not now, have never been and shall not be liable, and are,

always have been and shall continue to be immune from suit at law

---

[3]    Delaney's claims against MDPS under §§ 1983, 1985 and
1986 are barred for the further reason that these statutes create
rights solely against "persons" and a state is not considered a
"person" under these statutes.  See Will v. Michigan Dept. of
State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45
(1989) ("[N]either a State nor its officials acting in their
official capacities are 'persons' under § 1983").  Monell v.
Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L.
Ed. 2d 611 (1978), cited by plaintiff, is not to the contrary.
Monell held that municipalities and other local government units
"which are not considered part of the State for Eleventh Amendment
purposes" were "persons" under § 1983.  Id. at 690 n.65.  MDPS is
considered part of the State for Eleventh Amendment purposes.
     Moreover, plaintiff has no putative § 1981 claim for
employment discrimination and retaliation since such claim may
only be brought under § 1983.  See Meyers v. La Porte Indep. Sch.
Dist., 277 Fed. Appx. 333, 335, 2007 WL 4467586, 2 (5th Cir. 2007)
(holding that "[i]n order to remedy violations of § 1981, a
plaintiff must assert a cause of action under § 1983" since
"'[t]he express "action at law" provided by § 1983 for the
"deprivation of any rights, privileges, or immunities secured by
the Constitution and laws," provides the exclusive federal damages
remedy for the violation of the rights guaranteed by § 1981 when
the claim is pressed against a state actor.'") (quoting Jett v.
Dallas Indep. Sch. Dist. 491 U.S. 701, 735, 109 S. Ct. 2702, 105
L. Ed. 2d 598 (1989)).

or in equity[,]" Miss. Code Ann. § 11-46-3(1), expressly provides that "[n]othing in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."

Plaintiff argues that defendants' removal of the case waived their Eleventh Amendment immunity defense. In reply, MDPS contends that while removal waived its immunity *from suit*, it did not waive its immunity *from liability*. In <u>Meyers ex rel. Benzing v. Texas</u>, the Fifth Circuit concluded that under Supreme Court cases, "state sovereign immunity consists of two separate and different kinds of immunity, immunity from suit and immunity from liability." 410 F.3d 236, 254-55 (5th Cir. 2005). The court wrote:

> [T]he Court's cases accommodate the view that the Constitution guarantees a state's prerogative, by its own law, to treat its immunity from liability as separate from its immunity from suit for purposes of waiver or relinquishment. For these reasons, we conclude that the Constitution permits and protects a state's right to relinquish its immunity from suit while retaining its immunity from liability, or vice versa, but that it does not require a state to do so.

<u>Id.</u> at 255. The court concluded that when a state removes a case to federal court, it voluntarily invokes the jurisdiction of the federal courts and waives its immunity from suit in federal court. <u>Id</u>. (citing <u>Lapides v. Bd. of Regents</u>, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002)). However, whether it retains its separate immunity from liability is a separate issue, determined

according to the state's law.  _Id_.  On the petition for rehearing

in _Myers_, the Fifth Circuit summarized its ruling as follows:

> [W]hen a State removes to federal court a private state
> court suit based on a federal-law claim, it invokes
> federal jurisdiction and thus waives its unqualified
> right to object peremptorily to the federal district
> court's jurisdiction on the ground of state sovereign
> immunity.  However, that waiver does not affect or limit
> the State's ability to assert whatever rights,
> immunities or defenses are provided for by its own
> sovereign immunity law to defeat the claims against the
> State finally and on their merits in the federal courts.
> In sum, [the state] may assert its state sovereign
> immunity as defined by its own law as a defense against
> the plaintiffs' claims in the federal courts, but it may
> not use it to defeat federal jurisdiction or as a return
> ticket back to the state court system.

_Meyers ex rel. Benzing v. Texas_, 454 F.3d 503, 504 (5ᵗʰ Cir. 2006).

_See_ _Dansby-Giles v. Jackson State Univ._, Civil Action Nos.

3:07-CV-452 HTW-LRA, 3:07-CV-597 HTW-LRA, 2010 WL 780531, 4 (S.D.

Miss. Feb. 28, 2010) (finding that claims against state university

under Americans with Disabilities Act were barred by the state's

Eleventh Amendment immunity notwithstanding removal, since while

its removal voluntarily invoked the jurisdiction of the federal

courts and waived its immunity from suit in federal court,

Mississippi had put forth no unequivocal waiver of its immunity

from liability with regards to claims under the ADA).  As

Mississippi has not waived its immunity from liability as to

claims under §§ 1981, 1983, 1985 and 1986, plaintiff's federal

10

claims against MDPS are barred by Eleventh Amendment immunity and will be dismissed.[4]

In his complaint, plaintiff has asserted state law claims for false arrest, abuse of process, malicious prosecution, intentional infliction of emotional distress and civil conspiracy. MDPS argues for dismissal of all plaintiff's state law claims against it on the basis that it is immune pursuant to the police protection and/or discretionary function exemptions from the waiver of immunity under the MTCA, and because plaintiff's claims, both those that are governed by the MTCA and those that may fall outside the MTCA, are barred by applicable statutes of limitation. In addition, it argues that plaintiff's putative claims for conspiracy against MDPS, and for intentional infliction of emotional distress and malicious prosecution, fail to state a claim upon which relief can be granted.

The Mississippi Tort Claims Act (MTCA), Miss. Code Ann.

---

[4] The court notes that in addition to seeking monetary relief, plaintiff has included in his ad damnum clause a request for an order enjoining "defendants ... from engaging in any acts of defamation of [his] character and reputation and to purge [his] personnel file of any derogatory and false documents...." However, while "Ex Parte Young created an exception to the Eleventh Amendment immunity for claims for prospective relief against state officials who have been sued in their official capacities," Nelson v. Univ. of Texas at Dallas, 535 F.3d 318, 320 (5th Cir. 2008) (citing Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)), the Ex Parte Young doctrine "has no application in suits against the State and their agencies, which are barred regardless of the relief sought, Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 146, 113 S. Ct. 684, 688–689, 121 L. Ed. 2d 605 (1993). Delaney does not purport to have sued the defendant state officials in their official capacities.

§ 11-46-1, *et seq.*, which is the "exclusive remedy for the state law civil claims against a governmental entity and its employees," Elkins v. McKenzie, 865 So. 2d 1065, 1078 (Miss. 2003), waives the state's sovereign immunity, but only for torts of its employees committed in the course and scope of their employment, see Miss. Code Ann. § 11-46-5(1)(providing that "the immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment is hereby waived...."). Section 11-46-5(2) of the MTCA states,

> an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations.

It appears that none of plaintiff's claims herein is covered by the MTCA as each is grounded on allegations of malicious acts by state employees.

"The Mississippi Supreme Court has held that torts which require proof of malice as an essential element are excluded from the MTCA under this section." Weible v. Univ. of Southern Miss., 89 So. 3d 51, 64 (Miss. Ct. App. 2011) (citing Zumwalt v. Jones County Bd. of Supervisors, 19 So. 3d 672, 688-89 (Miss. 2009)). As "malice is indisputably an element of malicious prosecution," Dozier v. City of Purvis, Civil Action No. 2:11-CV-46-KS-MTP, 2012

12

WL 4036004, 2 (S.D. Miss. Sept. 12, 2012), the MDPS clearly retains its immunity as to this claim.

The Mississippi Supreme Court has described false arrest as "an intentional tort, arising when one causes another to be arrested falsely, unlawfully, *maliciously* and without probable cause." <u>Mound Bayou v. Johnson</u>, 562 So. 2d 1212, 1218 (Miss. 1990) (emphasis added). <u>See also</u> <u>Mayweather v. Isle of Capri Casino, Inc.</u>, 996 So. 2d 136, 141 (Miss. Ct. App. 2008) (citing <u>Mound Bayou</u>, and describing "evidence to show that the arrest was made unlawfully and *maliciously*" as "necessary elements of false arrest") (emphasis added); <u>Robinson v. Hosemann</u>, 918 So. 2d 668, 670 (Miss. 2005) (finding that claim for false arrest was a non-MTCA claim where plaintiff's complaint broadly alleged that the "[a]ctions of all defendants in all counts were done willfully, maliciously, and in reckless disregard to the right of the Plaintiff not to be falsely arrested and imprisoned....").  Even if malice were not a necessary element of a false arrest claim,[5] here, plaintiff has explicitly alleged that defendants acted intentionally and maliciously in causing his indictment and arrest.

Indeed, it is clear that claims as to which malice is not a necessary element of proof still fall outside the MTCA if the

---

[5]     <u>See</u> <u>Hart v. Walker</u>, 720 F.2d 1436, 1439 (5th Cir. 1983) ("Under Mississippi law, the elements of false arrest or imprisonment are two-fold: (1) the detention of a person; and (2) the unlawfulness of the detention.") (citing <u>Powell v. Moore</u>, 174 So. 2d 352, 354 (Miss. 1965)).

plaintiff alleges that the defendant(s) acted with malice.  For example, in <u>Weible</u>, the court noted that "[i]ntentional infliction of emotional distress can be predicated on behavior that is 'malicious, intentional, willful, wanton, grossly careless, indifferent or reckless[,]'" but that "to the extent intentional infliction of emotional distress is predicated on malicious conduct, the claim would be outside the scope of the MTCA."  89 So. 3d at 64 (citations omitted).  <u>See also</u> <u>Mawson v. Univ. of Miss. Med. Ctr.</u>, Civil Action No. 3:11cv574–DPJ–FKB, 2012 WL 6649323, 5 (S.D. Miss. Dec. 20, 2012) (finding intentional infliction of emotional distress claim barred by the MTCA where the plaintiff alleged that the defendant acted with malice). Plaintiff's claim in this case for intentional infliction of emotional distress is expressly grounded on allegedly malicious conduct and hence is outside the scope of the MTCA.

So, too, are his claims for civil conspiracy and abuse of process.  Plaintiff alleges that defendants maliciously engaged in a conspiracy to cause a criminal proceeding to be brought against him by providing false or misleading information to the prosecuting attorney and/or grand jury; and he alleges that "defendants engaged in malicious and wilful abuse of the legal process" by pursuing an indictment against him in retaliation for his previously-filed discrimination lawsuit.

MDPS's liability in this case is predicated on the conduct of its employees, all of whom are alleged to have acted with malice

as to each action taken by them that is the subject of plaintiff's claims herein. Because the employees are alleged to have acted with malice, MDPS is immune from liability for their actions under the MTCA. See City of Jackson v. Powell, 917 So. 2d 59, 73 (Miss. 2005) ("[T]he State of Mississippi and its political subdivisions have not waived sovereign immunity for employees that act beyond the course and scope of their employment, and employees act beyond that scope when they act with malice."). It follows that MDPS is entitled to dismissal of plaintiff's state law claims against it.[6]

### Individual Defendants

Defendants Miley, Simpson, Mansell and McClurg, who have been sued in their individual capacities, seek dismissal of plaintiff's federal and state claims on a number of grounds. As to the federal claims, they contend, among other things, that plaintiff's claims brought pursuant to §§ 1983, 1985 and 1986 are barred by the applicable three-year statute of limitation.

"Under federal law, the statute of limitations under § 1983 begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" Edmonds v. Oktibbeha County, Miss., 675 F.3d 911, 916 (5th Cir. 2012) (quoting Helton v. Clements, 832 F.2d 332, 335 (5th Cir. 1987). "Because no specified federal statute of

---

[6] The court notes, too, that with the exception of plaintiff's malicious prosecution claim, which inarguably falls outside the MTCA, all plaintiff's claims are time-barred by applicable statutes of limitations. See infra at pp. 20-23.

limitations exists for § 1983 suits, federal courts borrow the forum state's general or residual personal-injury limitations period, see Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989), which in Mississippi is three years, Miss. Code Ann. § 15-1-49 (2011)." Id. Likewise, because there is no federal statute of limitations for actions brought pursuant to § 1985(3), federal courts borrow the forum state's general personal injury limitations period, Green v. Vu, 393 Fed. Appx. 225, 226, 2010 WL 3377626, 1 (5th Cir. 2010). Section 1986 includes a one-year statute of limitations for causes brought under that provision. 42 U.S.C. § 1986.

In this cause, Delaney has asserted federal claims under § 1983 for unlawful seizure in violation of the Fourth Amendment based on his December 18, 2008 arrest pursuant to an indictment which he contends was not supported by probable cause[7]; for

---

[7] Although he purports to have brought a claim for "malicious prosecution" under § 1983, the Fifth Circuit held in Castellano v. Fragozo that there is no "freestanding constitutional right to be free from malicious prosecution" and that a 42 U.S.C. § 1983 malicious prosecution claim must be based on a specific constitutional violation, rather than a violation of state law. 352 F.3d 939, 945 (5th Cir. 2003).

> [C]ausing charges to be filed without probable cause will not without more violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim. It is equally apparent that additional government acts that may attend the initiation of a criminal charge could give rise to claims of constitutional deprivation.

> The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—Fourth Amendment if the

retaliation in violation of his First Amendment rights, based on

the allegation that the defendants pursued his indictment and

arrest in retaliation for his then-pending lawsuit against MDPS,

Miley and Simpson; (3) for violation of his procedural due process

rights under the Fifth and Fourteenth Amendments based on his

allegation that he was denied his right to a probable cause

hearing prior to his arrest; and (4) for violation of his

substantive due process rights by prosecuting him for a crime for

which there was no probable cause, which in turn resulted in the

deprivation of the benefits of his employment.  His claim for

conspiracy under §§ 1983, 1985 and 1986 is based on his allegation

that defendants engaged in a concerted effort to prosecute him for

extortion without probable cause to believe he had committed the

offense of extortion and toward that end maliciously caused a

criminal proceeding to be brought by providing false and

misleading information to the grand jury.

Defendants point out that by December 19, 2008, Delaney knew

that he had been indicted based on what he believed to be false or

---

accused is seized and arrested, for example, or other
constitutionally secured rights if a case is further
pursued.  Such claims of lost constitutional rights are
for violation of rights specifically locatable in
constitutional text, and some such claims may be made
under 42 U.S.C. § 1983.  Regardless, they are not claims
for malicious prosecution and labeling them as such only
invites confusion.
352 F.3d at 953-54.  Plaintiff thus cannot bring a malicious
prosecution claim under § 1983.  He does state a claim for
violation of his Fourth Amendment right to be free from unlawful
seizure, but that claim is time-barred, as discussed in the text.

significantly incomplete and inaccurate information presented to the grand jury, that he had been arrested without a probable cause hearing based on an indictment which he believed was not supported by probable cause, and that he had been suspended without pay from employment as a consequence of the indictment. In short, Delaney knew in December 2008 that he had suffered an injury or had sufficient information to know that he had been injured. Accordingly, the statute of limitations for each of his claims under §§ 1983, 1985 and 1986 began to run at that time. Edmonds, 675 F.3d at 916. Plaintiff's complaint, filed more than three years later in March 2012, was thus untimely as to these federal claims.

Plaintiff attempts to avoid dismissal on statute of limitations grounds by asserting that defendants' conduct amounted to a continuing tort. Plaintiff has failed to allege any specific acts that support the application of the continuing tort doctrine. Instead, plaintiff makes one conclusory statement that he was subjected to continued unlawful acts until his extortion charge was dismissed on March 9, 2011. However, he has alleged no facts to show that he was in fact subjected to continued unlawful acts while the charge of extortion was pending against him in the Circuit Court of Holmes County. As such, plaintiff's claims do not support application of the continuing tort doctrine. See Nottingham v. Richardson, No. 11-11027, 2012 WL 6019093, 5 (5th Cir. Dec. 4, 2012) (explaining that under continuing tort

18

doctrine, claim for a "continuing tort" does not accrue until the
tort has ceased, and holding that where there was no continuing
denial of medical care there was no continuing tort).

Defendants have not sought dismissal of plaintiff's § 1981
claim on limitations grounds, presumably because plaintiff's
§ 1981 claim herein is governed by a four-year limitations period,
see 28 U.S.C. § 1658 ("Except as otherwise provided by law, a
civil action arising under an Act of Congress enacted after the
date of the enactment of this section may not be commenced later
than 4 years after the cause of action accrues."), and plaintiff's
complaint was filed within four years of all the acts on which his
complaint is based.[8]  However, they seek dismissal of his § 1981
claim on the basis that plaintiff has not pled sufficient facts to
state a plausible § 1981 claim.  They note that while plaintiff
alleges that he is an "African-American and the Defendants named
herein are Caucasian," there are no factual allegations that even

_____

    [8]    Interpreting 42 U.S.C. § 1658, the Supreme Court held in
Jones v. R.R. Donnelley & Sons Co., that "a cause of action
'aris[es] under an Act of Congress enacted' after December 1,
1990–and therefore is governed by § 1658's 4-year statute of
limitations-if the plaintiff's claim against the defendant was
made possible by a post-1990 enactment."  541 U.S. 369, 382, 124
S. Ct. 1836, 1845, 158 L. Ed. 2d 645 (2004).  Plaintiff's claim
was made possible by the 1991 amendment.  See Foley v. Univ. of
Houston Sys., 355 F.3d 333, 339 (5th Cir. 2003) (noting that
original § 1981 did not extend to retaliation or discriminatory
discharge claims); Willis v. Cleco Corp., Civil Action No.
09-2103, 2011 WL 4443358, 5 (W.D. La. 2011) (retaliation and
wrongful termination claims which were not actionable under
original § 1981 but rather became actionable only by 1991
amendment to § 1981 were governed by four-year statute of
limitations provided by 42 U.S.C. § 1658) (citing Jones, 541 U.S.
at 382, 124 S. Ct. at 1845).

purport to demonstrate that any defendant's alleged actions were racially motivated. The court thus concludes that plaintiff has failed to state a viable § 1981 claim for race discrimination. See Lee v. Oktibbeha County Sheriff's Dept., No. 1:11CV61-A-A, 2011 WL 5117801, at *2 (N.D. Miss. Oct. 25, 2011) (dismissing equal protection claims where "[t]he only fact [plaintiff] allege[d] to support his theory that his treatment and punishment arose out of racial animus was that he and the guards were of different races").

In addition to his claim under § 1981 for race discrimination, plaintiff has also asserted a claim against Simpson and Miley under § 1981 for retaliation, alleging that in retaliation for his previously-filed race discrimination complaint against them, these defendants pursued the extortion indictment against him, which indictment furnished the basis for his suspension from employment without pay. In the court's opinion, however, plaintiff has failed to allege any facts that would support a plausible inference that Simpson, Miley or Berthay caused him to be indicted. See infra pp. 26-29.

Turning to plaintiff's state law claims, the individual defendants have put forth a number of arguments for dismissal, among which is their contention that plaintiff's claims are barred by the applicable statute of limitations. In particular, they contend that plaintiff's state law claims, which they submit are all governed by the MTCA, are barred by the MTCA's one-year

statute of limitation.  Mississippi Code § 11-46-11(3) provides

that all actions brought pursuant to the MTCA must be filed

"within one year (1) next after the date of the tortious, wrongful

or otherwise actionable conduct on which the liability phase of

the action is based."  Miss. Code Ann. § 11-46-11(3).  However,

the court has concluded <u>supra</u> at pp. 12-15, that plaintiff's

claims fall outside the scope of the MTCA.  The claims therefore

are not subject to the MTCA's statute of limitations.

Nevertheless, it is clear that with the exception of plaintiff's

claim for malicious prosecution, his remaining claims, all of

which are subject to a one-year limitations period, are time-

barred.

Mississippi Code § 15-1-35 establishes a one-year statute of

limitations period for certain intentional torts, as follows:

> All actions for assault, assault and battery, maiming,
> false imprisonment, malicious arrest, or menace, and all
> actions for slanderous words concerning the person or
> title, for failure to employ, and for libels, shall be
> commenced within one (1) year next after the cause of
> such action accrued, and not after.

A "claim of false arrest is an intentional tort and is

subject to a one-year statute of limitations."  <u>Brown v. Harrah's</u>

<u>Entertainment, Inc.</u>, 14 So. 3d 827, 829 (Miss. Ct. App. 2009)

(citing § 15-1-35).  A "complaint for false arrest and false

imprisonment accrue[s] on the date of arrest."  <u>Parker v.</u>

<u>Mississippi Game & Fish Comm'n</u>, 555 So. 2d 725, 727 (Miss. 1989).

Delaney was arrested on December 18, 2008, and his complaint for

false arrest, filed more than three years later, was clearly
untimely.

Likewise, the one-year statute of limitations of § 15-1-35
bars his claim for abuse of process.  See <u>Harried v. Forman Perry
Watkins Krutz & Tardy</u>, 813 F. Supp. 2d 835, 841 (S.D. Miss. 2011)
(claim for abuse of process subject to one-year limitations
period).  "Abuse of process occurs when (1) a party makes an
illegal use of a legal process, (2) the party has an ulterior
motive, and (3) damage results from the perverted use of process."
<u>Ayles ex rel. Allen v. Allen</u>, 907 So. 2d 300, 303 (Miss. 2005).
"'Unlike an action for malicious prosecution where a legal
termination of the prosecution complained of is essential, in an
action for abuse of process it is not necessary, ordinarily, to
establish that the action in which the process is issued has
terminated unsuccessfully.'"  <u>Sullivan v. Boyd Tunica, Inc.</u>, Civil
Action No. 2:06CV016-B-A, 2007 WL 541619, *3 (N.D. Miss. Feb. 16,
2007).  "A cause of action for abuse of process, therefore,
accrues at 'the termination of the acts which constitute the abuse
complained of, and not from the completion of the action which the
process issued....'"  <u>Id.</u> (quoting <u>Hyde Constr. Co. v. Koehring
Co.</u>, 321 F. Supp. 1193, 1207 (S.D. Miss. 1969)).  In this case,
Delaney's abuse of process claim is grounded on his allegation
that defendants had an ulterior motive, i.e., retaliation, for
seeking the indictment against plaintiff on the extortion charge
and pursuing his prosecution.  His claim accrued when the

indictment was returned in December 2008, and was barred one year later.

Civil conspiracy claims are also subject to the one-year limitations period. See McGuffie v. Herrington, 966 So. 2d 1274, 1278 (Miss. Ct. App. 2007). Plaintiff's allegation in support of his conspiracy claim is that defendants conspired to cause him to be indicted in retaliation for his pending employment discrimination lawsuit, and toward that end, provided false and misleading information to the grand jury. Plaintiff was undeniably aware of the facts supporting his conspiracy claim well over a year before his lawsuit was filed. Accordingly, his conspiracy claim is time-barred.

Plaintiff's intentional infliction of emotional distress claim, which is also governed by the one-year limitations period, Trustmark Nat'l Bank v. Meador, 81 So. 3d 1112, 1118 (Miss. 2012), is based, in part, on defendants' alleged acts in pursuing and/or effecting his indictment and arrest and resulting suspension from employment. In addition, he alleges that in August 2009, defendants Simpson and Miley required him to undergo a forced psychological examination, and that this action constituted intentional infliction of emotional distress. All of these alleged acts occurred more than one year prior to the filing of his complaint in this cause. His claim for intentional infliction of emotional distress was untimely filed and will therefore be dismissed.

While plaintiff's claim for malicious prosecution is also subject to the one-year statute of limitations under § 15-1-35, a cause of action for malicious prosecution does not accrue until the day the criminal proceedings are terminated in favor of the plaintiff. City of Mound Bayou v. Johnson, 562 So. 2d 1212, 1217 (Miss. 1990). The Holmes County Circuit Court finally dismissed the indictment against Delaney on March 17, 2011. Therefore, contrary to defendant's urging, plaintiff's complaint, filed March 9, 2012, was timely as to this claim. Defendants argue, alternatively, that plaintiff has failed to state a claim for malicious prosecution because there was probable cause for the prosecution.

A cause of action for the tort of malicious prosecution requires the following elements: "(1) the institution of a proceeding, (2) by, or at the insistence of the defendant, (3) the termination of such proceeding in plaintiff's favor, (4) malice in instituting the proceedings, (5) want of probable cause for the proceedings, [and] (6) the suffering of injury or damage as a result of the prosecution." Condere Corp. v. Moon, 880 So. 2d 1038 (Miss. 2004). As the absence of probable cause is an essential element of the tort of malicious prosecution, the existence of probable cause negates any claim for malicious prosecution under Mississippi law. McClinton v. Delta Pride Catfish, Inc., 792 So. 2d 968, 973 (Miss. 2001). Defendants argue that as a matter of law, the indictment returned by the Holmes

24

County grand jury established probable cause.  The Mississippi

Court of Appeals recently opined that under Mississippi law, the

existence of an indictment does not conclusively establish

probable cause but rather is prima facie evidence of probable

cause, which may be contradicted by evidence of significant

irregularities in the grand jury proceedings.  See <u>Springfield v.</u>

<u>Members 1st Community Federal Credit Union</u>, – So. 3d. —, 2012 WL

1918779, 3-4  (Miss. Ct. App. 2012).  The court in <u>Springfield</u>

explained,

> While there are no Mississippi state cases exactly
> on point regarding the impact of an indictment on the
> "want of probable cause" element of malicious
> prosecution, legal encyclopedias on the issue explain
> that the impact has been considered in one of two ways.
> The American Law Reports encyclopedia states some courts
> have recognized that an indictment by a grand jury
> against the plaintiff is "evidence *tending to show* that
> the defendant had probable cause for his alleged part in
> the prosecution" but does not constitute prima facie
> evidence.  28 A.L.R.3d 748, 753 (1969) (emphasis added).
> However, the majority of courts take the view that an
> indictment is prima facie evidence "that the defendant
> had probable cause for his alleged part in the
> prosecution, but that such evidence is not conclusive on
> the issue."  <u>Id.</u> Prima facie evidence may be
> contradicted by other evidence.  <u>Id.</u> at n.5. Thus, when
> a complaint for malicious prosecution shows on its face
> that a grand jury indicted the plaintiff, the plaintiff
> must "plead facts showing fraud or other improprieties
> in his prosecution to overcome this prima facie probable
> cause ...." <u>Id.</u> at 754.

> Similarly, Corpus Juris Secundum acknowledges that
> "[w]hile there is some authority to the contrary,"
> generally, the return of an indictment by a grand jury
> is "prima facie, but not conclusive, evidence of
> probable cause" in malicious prosecution cases. 54
> C.J.S. Malicious Prosecution § 48 (2010) (emphasis
> added).  It further explains:
> > Once an indictment has been returned by a
> > grand jury, the plaintiff in a malicious

prosecution action has the burden of producing
evidence to establish lack of probable cause.
The plaintiff must produce evidence that the
return of the indictment resulted from
perjured testimony or that the grand jury
proceedings were otherwise significantly
irregular.  The plaintiff may show that the
indictment was obtained by failing to make a
full and complete statement of facts to the
grand jury or district attorney, by the
withholding of information by the prosecutor
which might have affected the result, or by
showing that the indictment was produced by
the misconduct of the party seeking
indictment.

Id.

Moreover, the American Jurisprudence encyclopedia
states that an indictment is prima facie evidence of
probable cause, but it is not conclusive evidence, and
may be overcome by proof that there was no probable
cause for the prosecution.  52 Am. Jur. 2d § 64 (2000).
Some courts have also held that the return of an
indictment raises a rebuttable presumption that probable
cause exists, and this presumption may only be rebutted
with substantial evidence that the grand jury
proceedings were in some way irregular.  Id.

The Second Restatement on the Law of Torts takes
the position that "[t]he indictment of the accused by a
grand jury is evidence that the person who initiated the
proceedings had probable cause for initiating them."
Restatement (Second) of Torts § 664(2) (1977) (emphasis
added). Importantly, however, the comment notes,
"[a]lthough the indictment is evidence of probable
cause, it may be explained by evidence of the same
general nature" as evidence relating to the discharge of
the accused as conclusive of the lack of probable cause.
Id. at § 664 cmt. b. "If so explained, the evidence of
the indictment is refuted." Id.

Springfield, 2012 WL 1918779, at 3-4.

In his complaint, plaintiff alleges that agents of the MDPS

withheld exculpatory evidence from "the prosecutor and grand

jury," as a result of which the case was presented to the grand

26

jury on "distorted evidence."  He alleges, more particularly, that

the grand jury

> were not told, *inter alia*, that Plaintiff Delaney was
> entitled to a probable cause hearing and none had been
> conducted; that the "claimant" Jordan was not a credible
> witness; they were not told that Jordan was not given a
> polygraph examination (but the Plaintiff Delaney had
> submitted to a polygraph examination; they were not told
> that the Justice Court Clerk had the ticket, "unaltered"
> by anyone in her office; they were not told that Jordan
> had attempted to persuade her to and the presiding judge
> handling the case to dismiss the citation; and they
> failed to report to the Grand Jury that the justice
> court clerk provided significant information that would
> have exonerated Plaintiff Delaney; ... they failed to
> report that Delaney had cooperated with the
> investigation; and that the time of presentment of the
> information to have an indictment issued, Plaintiff
> Delaney had a lawsuit pending against the Defendants
> Miley, Berthay, Simpson and the Agency for racial
> discrimination and retaliation under Title VII....

Complaint, para. 54.[9]  In their motion and reply, defendants have

ignored these allegations and thus have not addressed their

potential relevance on the issue of whether the fact of the

indictment negates the want of probable cause element.  Some of

the matters plaintiff alleges were not disclosed to the grand jury

are clearly immaterial and do not suggest any irregularity or

deficiency in the grand jury proceedings, as, for example, the

alleged withholding of information that plaintiff was not provided

a probable cause hearing, that Jordan was not credible, that

---

[9]     Plaintiff also alleges false testimony was presented to
the grand jury but does not indicate even generally the nature of
any such testimony.  Moreover, he does not allege that any of the
defendants provided false testimony to the grand jury or suggest a
basis, other than a conclusory conspiracy allegation, on which
they could possibly be liable for anyone else's false testimony.

Jordan had not taken a polygraph or that plaintiff had offered to do so, or that plaintiff had cooperated in the investigation. On the other hand, information that Jordan had gone to the justice court clerk and judge to try to get the ticket dismissed and "significant information" from the justice court clerk that would have exonerated Delaney cannot be so readily dismissed as immaterial. It is arguable that disclosure of this information might have affected the result and that the indictment was thus obtained based on an incomplete statement of pertinent facts to the grand jury.

Nevertheless, the court is of the opinion that plaintiff has failed to state a claim for relief against the individual defendants for malicious prosecution as he has alleged no facts to support a finding that the criminal proceedings against him were instituted against plaintiff "by, or at the insistence of" any of the individual defendants. A plaintiff fails to state a claim when the complaint does not contain "'enough facts to state a claim to relief that is plausible on its face.'" In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Factual allegations must be

enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555, 127 S. Ct. 1955 (internal citations and footnote omitted). In deciding whether a claim has been adequately pled, the court is not required to accept as true a legal conclusion presented as a factual allegation. Id., 127 S. Ct. 1955.

In his complaint, plaintiff has identified no specific factual allegation that, if accepted as true, would support his conclusory allegation that the individual defendants were responsible for his indictment, arrest and prosecution. The specific facts he has alleged relating to the indictment and prosecution are that MBI Chief Investigator Walter Davis and his subordinate, Lecarus Oliver, conducted the extortion investigation and testified before the grand jury.[10] Plaintiff alleges that during their investigation, Davis and Oliver were presented with exculpatory information and yet despite this information "Agents intentionally proceeded with efforts to prosecute [him] without probable cause." He alleges "the Agency knew that there was insufficient information to proceed with extortion but did so anyway," and that "Agents of MDPS, including Davis and Oliver with MBI, presented distorted evidence" and "[fed] false information to the grand jury" to obtain the indictment against plaintiff.

---

[10] Walter Davis was originally named as a defendant but was dismissed by order of the court on September 12, 2014 for plaintiff's failure to timely serve him with process.

Nowhere in the complaint is there any allegation that the individual defendants had any direct involvement in the investigation, the decision to present the case to the grand jury or the presentation of the case to the grand jury. Neither has he alleged facts to suggest that any of the individual defendants was aware of the particulars of the MBI investigation or apprised of any exculpatory information revealed by that investigation. At best, plaintiff has alleged that the individual defendants were part of a "concerted effort" to prosecute him for a crime for which there was no probable cause; but there are no facts to support this patently conclusory allegation. Cf. Anderson v. Law Firm of Shorty, Dooley & Hall, 393 Fed. Appx. 214, 217, 2010 WL 3448106, at 2 (5th Cir. 2010) (complaint with merely conclusory allegations of a conspiracy involving the various defendants held insufficient "to raise a right to relief above the speculative level") (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955); Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir. 1982) ("Mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss."). The court thus concludes that plaintiff's claim for malicious prosecution against the individual defendants should be be dismissed.

Conclusion

Based on the foregoing, it is ordered that defendants' motions to dismiss are granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 24th day of January, 2013.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE